CHARLES J. MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 15221-81.
United States Tax Court
T.C. Memo 1983-473; 1983 Tax Ct. Memo LEXIS 320; 46 T.C.M. (CCH) 1044; T.C.M. (RIA) 83473; August 11, 1983. Charles J. Martin, pro se. Richard S. Bloom, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: This case is before the Court on respondent's motion for judgment of default pursuant to Rule 123(a). [1]
Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Addition to tax pursuant to
Year
Deficiency
section 6651(a)(1)
6653(a)
6654(a)
1972
$10,324.68
$2,581.17
$516.23
$329.94
1973
9,194.56
2,298.64
459.73
293.82
1974
13,951.40
3,487.85
697.57
445.84
1975
16,457.22
4,114.31
822.86
710.59
FINDINGS OF FACT Petitioner resided in North Lawrence, Ohio, when he filed his purported individual Federal income tax returns for 1972, 1973, 1974, and 1975 and when he filed his petition in this case. Petitioner's purported returns *322 for the years in issue disclosed no information from which his tax liabilities could be determined. Instead, petitioner completed his Forms 1040 by inserting numerous constitutional objections. [2]
During each of the years before us, petitioner owned and operated a family farm. [3] He reported no income from the operation of the farm for any of the relevant years. However, respondent reconstructed petitioner's income relying primarily on the bank deposits method, i.e., analyzing deposits made and checks issued by petitioner. In addition to the business expenses supported by petitioner's checks, respondent computed deductions to reflect allowable depreciation, investment tax credit, and the standard deduction. In this manner, respondent determined that petitioner received taxable income in the amounts of $27,169.21, $24,601.12, $33,270.19, and $37,784.82, in the years 1972, 1973, 1974, and 1975, respectively. *323 At trial, we instructed petitioner to review each item upon which respondent's calculations were based. Despite our affording petitioner this opportunity, he failed to do so. Rather than address the substantive issues raised in the notice of deficiency, petitioner's trial arguments raised numerous constitutional objections reminiscent of those asserted on his Forms 1040. In addition, petitioner argued that assessment of any deficiency for the years before the Court is time-barred. OPINION Rule 123(a) provides in relevant part: (a) Default: When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. * * * Respondent's determination is prima facie correct and the burden of proof is on petitioner to prove any error in that determination. ; *324 Rule 142(a). Furthermore, where a taxpayer fails to cooperate in the investigation of his tax liability, great latitude is given the Commissioner with respect to the method he may use to reconstruct that taxpayer's income. ; sec. 446(b). Respondent may use any reasonable method which clearly reflects the taxpayer's income, including the bank deposit method. , affd. in an unpublished opinion at . [4] In the case now before us, petitioner fails to offer any evidence to rebut respondent's calculations and he fails to make any showing that the method used by respondent was arbitrary or unreasonable.
Deductions are a matter of legislative grace to which a taxpayer must prove entitlement. . Petitioner here has offered no proof of entitlement to any deductions in excess of those included in respondent's calculations. *325 Petitioner's constitutional arguments are frivolous, wholly without merit, and warrant no further discussion. [5] See , affg an unreported opinion of this Court; . Equally meritless is petitioner's argument that assessment of the deficiencies determined for the years in issue is timebarred. It is well settled that a Form 1040 disclosing no information from which tax liability can be determined does not constitute a tax return. ;Where no return is filed, there is no statute of limitations on assessment and, therefore, the tax may be *326 assessed at any time. Sec. 6501(c)(3). Thus, the limitation on assessment set forth in section 6501(a) is of no avail to petitioner. As the foregoing analysis demonstrates, petitioner has done nothing to meet his burden of proving that respondent's determination is erroneous. Furthermore, we informed petitioner of the futility of his unresponsive arguments [6] and repeatedly warned him that it was imperative for him to address the issues set forth in respondent's notice of deficiency. He continually failed to do so. Under the circumstances, we find that petitioner has failed to plead and proceed as required by this Court, thereby preventing this case from proceeding to decision on its merits. See , affd ; . Therefore, we grant respondent's motion and hold petitioner in default. Petitioner has failed *327 to meet his burden of proof with respect to the deficiencies determined by respondent. Therefore, respondent's determination is sustained as to the deficiencies for the years in issue. Our analysis with respect to the additions to tax does not differ from that with respect to the deficiencies themselves. Additions to tax determined by respondent pursuant to sections 6651(a)(1), 6653(a), and 6654(a) are presumptively correct and petitioner bears the burden of proving any error. ; Rule 142(a). [7] Petitioner has offered no evidence to rebut respondent's determination. Thus, respondent's determination is also sustained as to the additions to tax. To reflect the foregoing, An appropriate order of default *328 and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue.↩
2. Petitioner's constitutional assertions appear on his Forms 1040 for 1973, 1974, and 1975. For 1972, petitioner merely wrote "Don't Know" in response to several requested income items and provided no other information.↩
3. Petitioner's testimony suggests that his wife was a joint owner of the farm during all or part of the period in issue. However, petitioner's filing status as indicated on his purported returns for all years was "married filing separately". Respondent's computations of petitioner's taxable income relate to petitioner only in this capacity.↩
4. See also ; .↩
5. For a thorough discussion of constitutional objections of the type raised by petitioner, see . See also , affd. ; ; .↩
6. Our previous denial of petitioner's motions for dismissal and for summary judgment, based on the same arguments presented at trial, further communicated to petitioner the unpersuasive nature of his contentions.↩
7. For establishment of the burden of proof as to each of the sections involved herein, see (section 6651(a)(1)); (sections 6651(a)(1), 6653(a), and 6654(a); , affd (sections 6651(a)(1) and 6653(a)).↩